TERRITORY OF OKLAHOMA v. T. M. RICHARDSON, JR.

(Filed June 30, 1900.)

*Error from the District Court of Kay County; before Bayard T. Hainer, District Judge.*

*Harper S. Cunningham, Attorney General, A. R. Museller, County Attorney of Noble County, and S. H. Harris, for plaintiff in error.*

*H. H. Howard, J. L. Pancoast and James B. Diggs, for defendant in error.*

Opinion of the court by

McATEE, J.: The facts in this case are identical with those in No. 920, and it will be held here, as in that case, that a pardon is an act of grace proceeding from the powers entrusted with the execution of the laws, which exempts the individual upon whom it is bestowed from the punishment which the law inflicts for the commission of a crime. It is a remission of guilt, and a declaration of record by the authorized authority that a particular individual is to be relieved from the legal consequences of a particular crime; and that the power and authority to grant pardons for offenses against the laws of this Territory is, by the Organic Act, committed to the governor, and is complete in him. The power to grant pardons is exclusive of the judicial and legislative authority. It is conferred by the United States, and it cannot be

lessened by any act of the territorial legislature. When a full and absolute pardon is granted to one by the governor of this Territory, it exempts the individual upon whom it is bestowed from the punishment which the law inflicts upon the crime which he has committed, and the crime is forgiven and remitted; that a pardon extends to every offense known to the law, and may be exercised at any time after its commission, either before legal proceedings are taken, or during their pendency, or after conviction and judgment; that after a pardon has been granted, it is thenceforward and at all times final, notwithstanding the fact that it may not have been granted in pursuance of the regulations provided for in the statutes of the Territory; that the territorial legislature has no power to impose limitations upon the manner in which the pardoning power shall be used, set up, alleged or called to the notice of the court, as a defence. All that is requisite is that the attention of the court shall be called judicially to the fact that a full and absolute pardon has been granted, and the court before whom the matter is pending will itself determine whether the evidence is sufficient; and when, as in this case, there is no contention on the subject, but the pardon is admitted, it is the duty of the court to discharge the defendant, and dismiss the proceeding against him; that, in order to impeach a pardon for fraud, it must be done in a direct, and not in a collateral manner, such as the present proceeding; and that the fact that a pardon has been granted is available as a protection from any further proceedings in respect to the crime for which the pardon has been extended, at any time or stage of the proceedings before the execution of the sentence.

The appeal will be dismissed, and the judgment of the trial court affirmed.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.